IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CELIMAR ADAMÉS CASALDUC,

    *Plaintiff,*

    v.

TELEVICENTRO OF PUERTO RICO, LLC D/B/A
WAPA TELEVISIÓN, et al.,

    *Defendants.*

CIVIL NO. 20-1174 (DRD)

**OPINION AND ORDER**

Pending before the Court is Plaintiff, Celimar Adamés Casalduc's *Motion for Remand to State Court*. *See* Docket No. 7. The Defendant, Televicentro of Puerto Rico, LLC (hereinafter, "Televicentro") filed its respective *Opposition to Motion to Remand*. *See* Docket No. 8.

For the reasons stated herein, the Court **DENIES** Plaintiff's *Motion for Remand to State Court* (Docket No. 7).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Televicentro removed the instant petition from the Puerto Rico Court of First Instance, Bayamon Part, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Specifically, Televicentro argues that "[t]he federal statute codified at 28 U.S.C. § 1441 *et seq.*, grants defendants the right to remove cases from state courts to a federal jurisdiction when the latter would have had original jurisdiction." Docket No. 1 at 2. Televicentro further argues that a removal based on diversity jurisdiction is proper as "the citizenship of a limited liability company or LLC is determined by the citizenship of all of its members. Televicentro of Puerto Rico, LLC is a limited liability company

whose sole member is InterMedia Español, Inc. *Id.* at 3 (internal citations omitted). In support of this contention, Televicentro included a Declaration Under Penalty of Perjury of Mr. Alex Tolston, Executive Vice President, Chief Legal Officer and Corporate Secretary of Hemisphere Media Group, Inc. (hereinafter, "Hemisphere"). One of Hemisphere's subsidiaries is Televicentro. *See Id.*, Exhibit 5 at ¶ 1.

## II.     LEGAL ANALYSIS

The federal removal statute states, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446(a) provides in pertinent part that the party requesting removal in a civil case from State Court is to file in the district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure **and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such . . . defendants in such action."** 28 U.S.C. § 1446(a). (Emphasis ours). The notice of removal is to be filed within thirty (30) days after the service upon the defendant of the complaint. *See* 28 U.S.C. § 1446(b).

Further, Section 1447(b) provides in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(b). (Emphasis ours).

**A.    *Diversity Jurisdiction as to Televicentro of Puerto Rico***

Federal courts are courts of limited jurisdiction. This Court has the responsibility "to police the border of federal jurisdiction". *Spielman v. Genzyme Corp.*, 251 F3d 1 (1st Cir., 2001). The courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Del Rosario Ortega v. Star Kist Foods*, 213 F.Supp. 2d 84, 88 (D.P.R., 2002) citing *Conventry Sewage Association v. Dworking Realty Co.*, 71 F.3d 1,3 (1st Cir., 1995). Just as a federal court cannot expand its jurisdictional horizon, parties cannot confer subject matter jurisdiction on a federal court "by indolence, oversight, acquiescence, or consent." *U.S. v. Horn, 29 F.3d 754, 768 (1st Cir. 1994)*. Therefore, a party that seeks the jurisdiction of the federal courts, has the burden of demonstrating its existence in the instant case the issue is Plaintiff's domicile at the time of filing the complaint. *Murphy v. United States*, 45 F.3d 520,522 (1st Cir. 1995).

As courts of limited jurisdiction, federal courts have the duty of construing jurisdiction-granting statutes strictly. *See, e.g.*, *Alicea-Rivera v. SIMED*, 12 F. Supp. 2d 243,245 (D.Puerto Rico, 1998). Here, Plaintiff has invoked the Court's jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. *Casas Office Machines v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2L.Ed. 435 (1806). Since Co-Defendants have challenged Plaintiff's jurisdictional allegations, Plaintiff bears the burden of proving, by a preponderance of the evidence, the facts of their domicile and how the facts corelate with their jurisdictional claim. *Thomson v. Gaskil*, 315 U.S. 442 (1942); *Bank One v. Montle*, 964 F 2d 48, 50

(1st Cir. 1992*); Rivera v. Hosp. Interamericano de Medicina Avanzada*, 125 F. Supp. 2d 11, 17 (D.P. R. 2000).[1]

For federal jurisdictional purposes, diversity of citizenship must be established as of the time of the filing of the suit. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (1st Cir. 2001); *Rivera v. Hosp. Interamericano de Medicina Avanzada*, 125 F.Supp.2d at 16.

In particular, when faced with a determination of diversity jurisdiction wherein a corporation is involved, as is the case at bar, it has been more than established that a corporation's citizenship derives from the State wherein it is incorporated and the State wherein its principal place of business occurs.[4] A corporation, however, will not be deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction. *See Wachovia Bank, National Association v. Schmidt,* 546 U.S. 303, 126 S.Ct. 941, 952, 163 L.Ed.2d 797 (2006).

Yet, "[t]he burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97, 130 S. Ct. 1181, 1194–95, 175 L. Ed. 2d 1029 (2010) (internal citations omitted). To that effect, in *Hertz*, the Supreme Court explained that in order to identify a corporation's principal place of business, the courts should use the nerve center test to identify "the place of actual direction, control, and coordination." *Id.* "Generally speaking, this will 'be the place where the corporation maintains

---

[1] The Court has discretion as to the manner in which preliminary questions of jurisdiction are to be resolved and enjoys broad authority "to order discovery, consider extrinsic evidence, hold evidentiary hearings and make findings of fact in order to determine its own jurisdiction. *Valentín v. Hospital Bella Vista*, 254 F 3d at 363.

its headquarters-provided that the headquarters is the actual center of direction, control, and coordination ... and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).'" *Harrison v. Granite Bay Care, Inc.,* 811 F.3d 36, 40 (1st Cir. 2016)(quoting *Hertz Corp.*, 559 U.S. at 93, 130 S.Ct. 1181.

Moreover, "[w]hile there may be no perfect test that satisfies all administrative and purposive criteria . . . this test is relatively easier to apply and does not require courts to weigh corporate functions, assets, or revenues different in kind, one from the other." *Hertz Corp.*, 559 U.S. at 79, 130 S. Ct. 1181, 1185.

Herein, Televicentro removed the instant case from the Puerto Rico Court of First Instance, Bayamon Part to the District Court pursuant to 28 U.S.C. §§ 1441 *et seq.*, because the instant matter exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Televicentro supports diversity jurisdiction with a Declaration of Mr. Alex Tolston, Executive Vice President, Chief Legal Officer and Corporate Secretary of Hemisphere Media Group, Inc., who declares under penalty of perjury that,

> 2. Televicentro of Puerto Rico, LLC is a limited liability company organized and existing by virtue of the laws of the state of Delaware and is engaged in the broadcast television business, as well as in the production of news and entertainment programming in Puerto Rico.
>
> 3. Televicentro of Puerto Rico, LLC's sole member is InterMedia Español, Inc., a holding company that owns 100% interest of Televicentro of Puerto Rico, LLC.
>
> 4. InterMedia Español, Inc. is a corporation organized and existing under and by virtue of the laws of the state of Delaware.
>
> 5. InterMedia Español, Inc.'s address is 4000 Ponce de Leon Blvd. Suite 650, Coral Gables, FL, 33146.

6. InterMedia Español, Inc.'s officers are Alan J. Sokol, President; Craig D. Fischer, Vice President; Alex J. Tolston, Corporate Secretary; and Javier Maynulet, Vice President.

7. The direction, control and coordination of InterMedia Español's activities is done from Florida. Therefore, InterMedia Español's principal place of business is in the state of Florida.

Docket No. 1, Exhibit 5. As a result thereof, Plaintiff filed a *Motion to Remand to State Court* (Docket No. 7) arguing that "defendants have not met their burden of establishing subject matter jurisdiction based on diversity of citizenship and [have] not presented competent proof of [its] citizenship", *id.* at 1-2, while also arguing that "[t]he citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members." *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2005) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)).

Televicentro filed its respective *Opposition to Motion to Remand* (Docket No. 8) wherein supplemental facts and arguments were submitted in support of diversity jurisdiction.  According to Televicentro, Plaintiff's arguments that "a statement under penalty of perjury is not sufficient still leaves the facts in the declaration by the Corporate Secretary of InterMedia Español unchallenged." *Id.* at 2. In further support of its contention, Televicentro produced a Supplemental Declaration of Mr. Alex Tolston, the *Amended & Restated Limited Liability Company Operating Agreement of Televicentro of Puerto Rico, LLC,* a Structure Chart and a list of subsidiaries filed with a 10-K Report of Hemisphere Media Group., Inc. *See* Docket No. 9 and its Exhibits 1, 2 & 3, respectively. Furthermore, Televicentro had previously produced the Certificate of Incorporation of InterMedia Español, Inc. *See* Docket No. 1, Exhibit 5 at 3.

Upon careful review of all documents that have been produced by Televicentro, as well as the statements under penalty of perjury of Mr. Alex Tolston, Corporate Secretary of InterMedia Español, Inc., the Court deems that the standard has been met and Televicentro has successfully satisfied the burden of establishing diversity of citizenship by submitting competent proof of the location wherein actual direction, control and coordination of Televicentro matters takes place is Coral Gables, Florida. The Court explains.

As previously stated, the nerve test clearly provides that a corporation's principal place of business is "**the place of actual direction, control, and coordination**." *Hertz Corp.* 559 U.S. at 96–97 (emphasis ours). As such, Televicentro successfully established that activities as to direction and control of Televicentro are totally conducted by InterMedia Español's officers from the State of Florida. As declared by Mr. Tolston, and confirmed by the Structure Chart produced by Televicentro, InterMedia Español, Inc. is a subsidiary of Hemisphere Media Group, Inc. *See* Docket No. 9, ¶ 4 and its Exhibits 2 & 3. It has also been confirmed that since August 26, 1999 and to this day Televicentro's sole member has been InterMedia Español, Inc., a holding company "that owns 100% interest of Televicentro of Puerto Rico, LLC." Docket No. 9, ¶ 3. Accordingly, it is InterMedia Español, Inc. the entity that "directs and approves all its business activities and management and it does so from the Coral Gables, Florida offices. This is where all major decisions are made." *Id.* ¶ 5. Some examples or the decisions that are made are by InterMedia Español, Inc. from the State of Florida are,

> [s]uch activities of direction and control are performed by InterMedia Español, Inc.'s officers Sokol, Fischer, Tolston and Maynulet and include, for example, decisions concerning the name of Televicentro, the location of Televicentro's principal office and place of business, appointment of its registered agent, decisions concerning capital contributions to Televicentro, designation and removal of officers, execution of instruments and documents such as issuance of

incumbency certificates and resolutions allowing Televicentro to enter into certain agreements, corporate authorizations and financial matters, to name a few.

*Id.* In support of its contention that InterMedia Español, Inc.'s principal place of business is at Coral Gables, Florida, Televicentro submitted an Annual Report Detail Report for the 2019 tax year, wherein the principal place of business is identified as 400 Ponce de Leon Blvd., Suite 650, Coral Gables, FL 33146 and all directors and officers are identified. *See* Docket no. 9, Exhibit 5.

Mr. Tolston further declared under penalty of perjury that InterMedia Español, Inc. is regarded an entity for tax purposes, "and as subsidiary of Hemisphere Media Group, it reports into that one holding company and income tax filing is effectuated through a consolidated tax return." *Id.* ¶ 6. According to Mr. Tolston, all these matters are performed in the State of Florida by their independent registered public accounting firm for auditing purposes located in Miami, to wit, RSM US LLP. *See* Docket No. 9, Exhibit 3. Finally, Mr. Tolston explained that "InterMedia Español, Inc. still maintains a registered agent in Delaware and engages such services through CSC, which also provides annual report filing and reporting services." Docket No. 9, ¶ 8 and its Exhibit 4.

Consequently, Televicentro has met the burden to establish diversity of jurisdiction and the fact that Televicentro's citizenship is that of InterMedia Español, Inc., namely, Florida and Delaware. The Court finds that Televicentro complied with supporting the basis of subject matter jurisdiction with competent proof as to the fact that "the [actual] place of actual direction, control, and coordination" of said entity is in the State of Florida. Hence, the Court needs not go further.  Plaintiff's *Motion for Remand to State Court* should be denied.

8

### III.     CONCLUSION

For the reasons elucidated above, the Court hereby **DENIES** Plaintiff, Celimar Adamés Casalduc's *Motion for Remand to State Court* (Docket No. 7). Accordingly, the instant case shall remain in the District Court for the remainder of the proceedings as explained in the instant Opinion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of July, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge